# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Steven C. Herzog**
**Direct Dial:** +1 212 373 3317
**Email:** sherzog@paulweiss.com

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, D.C.
Wilmington

July 18, 2025

**VIA ECF**
Hon. Michael J. Truncale
United States District Court
for the Eastern District of Texas
The Jack Brooks Federal Building
and United States Courthouse
300 Willow St.
Beaumont, Texas 77701

Re: *Broadnax* v. *Elliott, et al.*, No. 9:25-cv-00040-MJT-ZJH

Dear Judge Truncale:

I write on behalf of Plaintiff James Broadnax to request that the Court schedule a conference in the above-referenced action pursuant to Federal Rule of Civil Procedure 16. We summarize the claims and current status of the case below.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for injuries suffered by Plaintiff as a result of the deliberate indifference to his safety and health exhibited by Defendants, who, at the time of the September 2023 incidents alleged in Plaintiff's First Amended Complaint ("FAC"), filed on November 25, 2024 (ECF 35), were officials and employees acting under color of state law at the Allan B. Polunsky Unit operated by the Texas Department of Criminal Justice ("TDCJ"). Specifically, Plaintiff experienced severe pain, had difficulty breathing, and almost died due to a collapsed lung. Defendants consciously ignored and refused to respond to Plaintiff's condition for approximately a week, despite his repeated requests for help and medical attention, and further exacerbated his condition. (Am. Compl. at ¶¶ 3–4, 23–59, 68–77.) Plaintiff further alleges that certain Defendants authorized and condoned unconstitutional policies that incentivize TDCJ employees to dismiss legitimate sick calls and grievances from prisoners like Plaintiff and deny prisoners constitutionally adequate medical care, and that these policies were a moving force behind Plaintiff's injuries. (*Id*. at ¶¶ 80–114.) The case was transferred from the Southern District of Texas to this Court on February 14, 2025. (ECF 78.)

Before the action was transferred to this Court, certain Defendants in October 2024 filed motions to dismiss (ECF 8, 9, 10), and Plaintiff thereafter filed the FAC, which, the Parties agreed, mooted those motions to dismiss. (*See* ECF 31, Joint Letter to the Ct.)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP 2

Certain Defendants subsequently filed the following motions to dismiss the FAC, which were fully briefed prior to the transfer of the Action to this Court: the Motion to Dismiss filed by Defendants Jamar Bey, Suzanne Fults, Samantha Horn, and Joni Schaeffer on December 9, 2024 (ECF 46); the Motion to Dismiss filed by Defendants Owen Murray, Paul Reilley, and Lizette Fernandez on December 16, 2024 (ECF 48); and the Motion to Dismiss filed by Defendants Bryan Collier, Bobby Lumpkin, and Lannette Linthicum on December 20, 2024, (ECF 56). Two of the Defendants, Albert Perkins and Christy Waller, did not timely respond to the Original Complaint or the FAC, and the Clerk of Court entered default with respect to those Defendants on January 1, 2025, (ECF 70). Defendants Perkins and Waller subsequently filed a Motion to Set Aside Default on January 10, 2025 (ECF 71), which Plaintiff opposed on January 24, 2025, (ECF 74).

Plaintiff has filed, on the same day as the submission of this letter, a Motion for Default Judgment against Defendants Perkins and Waller. (ECF 85.)

Also prior to the transfer, Plaintiff's counsel met and conferred on November 1, 2024, and December 19, 2024 pursuant to Rule 26 with counsel for all then-represented Defendants in advance of the Rule 16 conference originally scheduled by order of Judge Lee Rosenthal, of the United States District Court for the Southern District of Texas, for December 13, 2024 (ECF 6), and then reset, after Defendants' motion for postponement, to March 28, 2025, (ECF 62).

After this case was transferred to this Court on February 14, 2025, Defendants Fernandez, Reilley, and Murray filed an Unopposed Motion to Substitute Attorney on March 4, 2025 (ECF 83), which remains outstanding.

Plaintiff is prepared to discuss all matters appropriate for the Rule 16 conference, including a discovery schedule, the previously filed motions, and any other matters the Court or parties deem relevant, at the Court's convenience.

Thank you for considering this request.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ Steven C. Herzog
      Steven C. Herzog

*Counsel for Plaintiff James Broadnax*