IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES BROADNAX | § | |
| VS. | § | CIVIL ACTION NO. 9:25-CV-40 |
| MELISSA ELLIOTT, *et al.*, | § | |

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, James Broadnax, represented by counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against twelve Defendants. The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court.

On November 5, 2025, the magistrate judge recommended granting the Motion to Set Aside the Clerk's Entry of Default filed by Defendants Perkins and Waller and denying Plaintiff's Motion for Default Judgment as to Defendants Perkins and Waller [Dkt. 105]. The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections on November 19, 2025 [Dkt. 107]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff objects that the magistrate judge (1) misapplied the burden of proof for willfulness, (2) improperly determined that a finding of lack of prejudice excused Defendants' willfulness, (3) improperly determined that the availability of a defense to Defendants excused their willful default, and (4) failed to consider Plaintiff's request that Defendants be ordered to pay costs and fees associated with the Defendants' default.

After the clerk has entered default, a court may set aside that entry for "good cause." FED. R. CIV. P. 55(c). To determine whether good cause exists to set aside entry of default, the Court considers: (1) whether the default was willful, (2) whether setting it aside would prejudice the

adversary, and (3) whether a meritorious defense is presented. *See Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)). "The burden of showing good cause lies with the party challenging the default entry." *Sindhi*, 905 F.3d at 332 (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)).

While acknowledging there is some evidence suggestive of willfulness, the magistrate judge found the record does not conclusively show willfulness, that Defendants Perkins and Waller are entitled to raise the defense of qualified immunity, and that there is no prejudice as discovery has been stayed pending resolution of the motion to dismiss. As further outlined by the magistrate judge, however, these factors are not exclusive. *Lacy v. Sitel Corp.*, 227 F.3d 290, 282 (5th Cir. 2000); *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1985). The magistrate judge noted that Defendants Waller and Perkins moved expeditiously to cure the default, filing the present motion to set aside default judgment literally one day after default was entered and authorization for representation was obtained. *Dierschke*, 975 F.2d at 183. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. That decision necessarily is informed by equitable principles." *Id*. at 184. As noted by the magistrate judge, Plaintiff has suffered no disadvantage besides being required "to prove [his] case" instead of prevailing by default. *Lacy*, 227 F.3d at 293. This decision aligns with the Fifth Circuit's observation "that courts universally favor trial on the merits." *Dierschke*, 975 F.2d at 183. The magistrate judge did not err.

Furthermore, in responding to the Motion to Set Aside the Clerk's Entry of Default, Plaintiff also argues that any such request be conditioned on Defendants Waller and Perkins reimbursing Plaintiff for the costs and fees incurred because of the default. The Court first notes that this case is complex. Plaintiff sued twelve Defendants related to his claims of deliberate indifference: six TDCJ non-supervisory Defendants, two of which are Waller and Perkins; two UTMB Defendants; and four supervisory Defendants from both TDCJ and UTMB. Further complicating matters is the fact that

Waller and Perkins, among others, left their employment with TDCJ. Regardless, the defenses for Waller and Perkins align with those of the remaining TDCJ non-supervisory Defendants as argued in their Motion to Dismiss filed December 9, 2024 [Dkt. 46].[1] There is nothing novel to those defenses.[2] Furthermore, Plaintiff's counsel initially filed this case in the wrong venue, resulting in this case pending for approximately six-months before transfer to the Eastern District of Texas. Any delay in prosecuting this case can be equally attributed to Plaintiff. Plaintiff's requests for attorney's fees and costs related to the Motion to Set Aside Clerk's Entry of Default is denied.

## ORDER

Accordingly, Plaintiff's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is ADOPTED.

**SIGNED this 23rd day of January, 2026.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge

---

[1] "Pursuant to *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) all dispositive arguments made herein are incorporated for non-answering defendants." *Id.* at fn1.

[2] The Magistrate Judge issued a Report and Recommendation on December 19, 2025, recommending that Defendants' motions to dismiss be denied in part and granted in part, including a motion to dismiss filed by Perkins and Waller [Dkt. 87 & 110]. That recommendation allows some portion of Plaintiff's claims against each Defendant to proceed. There are no pending objections to this Report and Recommendation.